[Cite as *State v. Henry*, **2018-Ohio-2174.**]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 28764 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| RONALD HENRY | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 2017-04-1194-A |

DECISION AND JOURNAL ENTRY

Dated: June 6, 2018

HENSAL, Judge.

{¶1} Ronald Henry appeals his conviction and sentence for robbery in the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} A.P. testified that, while proceeding back to his car after buying some items at a gas station, a man from a car parked next to him shut A.P.'s car door just as he started to open it. He further testified that, contemporaneously, another man, Mr. Henry, demanded his money. When A.P. refused, Mr. Henry threatened him with what appeared to be a gun inside his pocket. A.P. pulled out a pocket knife from his pants and retreated around the back of his car towards the gas station entrance, where he asked employees to call the police. Officers arrested Mr. Henry and his co-defendant later that evening at a nearby hotel after seeing their car in its parking lot.

{¶3} The Grand Jury indicted Mr. Henry for robbery under Revised Code Section 2911.02(A)(3). A jury found him guilty of the offense, and the trial court sentenced him to three years imprisonment. Mr. Henry has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORD SUFFICIENT EVIDENCE TO SUPPORT THE CHARGES LEVIED AGAINST MR. HENRY IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶4} Mr. Henry argues that his robbery conviction is not supported by sufficient evidence. Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶5} The jury found Mr. Henry guilty of robbery under Section 2911.02(A)(3). That section provides that "[n]o person, in attempting or committing a theft offense * * * shall * * * [u]se or threaten the immediate use of force against another." "'Force' means any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1).

{¶6} Mr. Henry argues that the State failed to present any evidence that a theft offense or attempted offense occurred. He also argues that the State failed to present sufficient evidence that he used or threatened the immediate use of force against A.P. He overlooks the testimony of A.P., however, who stated that Mr. Henry and his co-defendant confronted him at his car and ordered him to "give us the bag." When A.P. asked whether the man was referring to the bag that A.P. had in his pocket, Mr. Henry's co-defendant replied "[y]eah. Just give us the bag." A.P. then asked the men whether they were really "going to rob me for $200?" Mr. Henry replied "[d]on't make us pull the hammer." A.P. testified that Mr. Henry had one of his hands in the pocket of his hooded sweatshirt, so he understood Mr. Henry's statement to mean that Mr. Henry had a gun in the pocket. Viewed in a light most favorable to the State, we conclude that A.P.'s testimony was sufficient to establish that Mr. Henry attempted to commit a theft offense. *See* R.C. 2913.02(A)(4) ("No person, with purpose to deprive the owner of property * * * shall knowingly obtain or exert control over * * * the property * * * [b]y threat[.]"); R.C. 2911.02(C)(2); R.C. 2913.01(K) (including a violation of R.C. 2913.02 in the definition of "[t]heft offense").

{¶7} Regarding the use of force, Mr. Henry's statement that he would "pull the hammer" if A.P. did not turn over his money could reasonably be construed as a threat to commit violence on A.P. A.P.'s testimony, therefore, was also sufficient to establish that Mr. Henry threatened the use of force against him. Accordingly, upon review of the record, we conclude that Mr. Henry's robbery conviction is supported by sufficient evidence. Mr. Henry's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

MR. HENRY'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT
OF THE EVIDENCE POSSESSION IN VIOLATION OF THE DUE PROCESS

CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶8} Mr. Henry also argues that his conviction was against the manifest weight of the evidence. If a defendant asserts that his conviction was against the manifest weight of the evidence,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *Thompkins*, 78 Ohio St.3d 380, at 387. An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶9} Mr. Henry argues that the only person who threatened the use of force was A.P. who pulled a pocket knife on him and his friend. He notes that his friend described the incident differently than A.P. According to his friend, as Mr. Henry and he were entering the gas station store, they heard A.P. say a racial slur about them under his breath, which upset Mr. Henry. While the friend admitted that they confronted A.P. at his car, it was only in response to A.P.'s racial slur. The friend testified that A.P. immediately drew his pocket knife on them and started backing up towards the store. The friend denied that Mr. Henry and he ever requested A.P.'s money.

{¶10} A security video of the front of the gas station shows the incident at A.P.'s car. It shows Mr. Henry and his co-defendant approach A.P., who pulls a knife out of his pocket shortly thereafter and proceeds to back around the rear of his car and toward the door of the gas station.

Mr. Henry follows A.P. around the car and has his right hand in the pocket of his hooded sweatshirt throughout the confrontation. Unfortunately, there is no audio of the exchange. While some of the video recordings inside the store include audio, they did not capture any statements between A.P. and Mr. Henry or his co-defendant.

{¶11} "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. "In reaching its verdict, the jury was in the best position to evaluate the credibility of the witnesses and it was entitled to believe all, part, or none of the testimony of each witness." *State v. Shank*, 9th Dist. Medina No. 12CA0104-M, 2013-Ohio-5368, ¶ 29. Upon review of the record, we cannot say that the jury lost its way when it chose to believe A.P.'s version of the facts over the testimony of Mr. Henry's co-defendant. Mr. Henry's second assignment of error is overruled.

### III.

{¶12} Mr. Henry's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

PAUL M. GRANT, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.